## U. S. DISTRICT COURT.

### In The Matter of JOHN RILEY.

Under the existing laws of congress, the *enlistments of minors* into the military service of the United States, *over the age of eighteen years*, without the consent of their parents or guardians or masters, are *valid,* and the *oath of enlistment* taken by the recruit is *conclusive as to his age.* But it is not lawful to muster into service a person *under the age of eighteen years.*

The provisions substantially, for the discharge of minors are as follows: 1. A minor who is *under the age of eighteen years* at the time he applies for his discharge to the secretary of war, is to be discharged by that officer, when it appears upon due proof that such minor is in the service without the consent either expressed or implied, of his parent or guardian, provided all bounties or advance pay, which may have been paid to him are first repaid.

2. A person who was *under the age of sixteen years* when he was enlisted or mustered into service, is to be discharged by the secretary of war, whether he was enlisted or mustered with or without the consent of his parent or guardian, provided all bounties received by him are first repaid, and provided he is under the age of eighteen years at the time he applies for his discharge, and is in the service without the consent, either expressed or implied of his parent or guardian.

The whole power of *discharge* is given to the *secretary of war* in regard to minors, whatever their ages, when they enlisted or when they apply for discharge, and such power is necessarily taken from the courts

As to the cases provided for by the acts of 1864, and so far as the jurisdiction of the secretary of war extends under those acts, the provision of the second section of the act of February, 1862, that the oath of enlistment taken by the recruit shall be conclusive as to his age, is necessarily suspended, and the secretary of war is authorized and required to receive other due proof as to the age of the recruit both at the time of his enlistment and at the time he applies for his discharge.

*January,* 1870.

HABEAS CORPUS, to the officer in command of the military quarters at Willet's Point, as to the restraint of the petitioner John Riley, an alleged minor.

A. H. REAVEY, *for the petitioner.*

JOSEPH BELL, *assistant U. S., attorney, for the United States.*

BLATCHFORD, J.—The writ of *habeas corpus* in this case was issued on a petition setting forth that Riley is illegally restrained by the officer in command of the military quarters at Willet's Point, within this district; that the cause or pretence of such restraint is that Riley enlisted in the military service of the United States, at Boston, on or about October 13, 1866; that Riley was not eighteen years of age at the time of his enlistment; that Riley's father resides at Nashua, N. H., and did not consent to the enlistment of his son, or have any knowledge thereof, and that the enlistment was void as to the father.

The return to the writ sets forth that Riley is a soldier duly enlisted in the service of the United States; that he enlisted October 23, 1866, at Boston, for three years, and that he has never been discharged from service. The original enlistment paper of Riley is submitted to the court, with the return. In it Riley makes oath that he is, on the 23d of October, 1866, "aged nineteen years." There is no traverse to the return and no testimony has been given except what is contained on the face of the foregoing papers, and on them the case is to be decided.

On the part of Riley, it is contended that the enlistment was void *ab initio*, because he was a minor under the age of twenty-one years at the time, and enlisted without the consent of his father, and that the oath taken by him on his enlistment is not conclusive on his father, but is at most only conclusive on himself. I have heretofore decided in the case of John Edward Cline, on *habeas corpus*, (August, 1867,) that the provision of the second section of the act of February, 1862, (12 *U. S. Stat., at Large,*) which declares that "the oath of enlistment taken by the recruit shall be conclusive as to his age," is as conclusive and binding upon this court as it is upon the recruit or upon the United States, and that the intent of congress manifestly was that no evidence should be received to contradict a statement as to the age of the recruit, contained in the oath taken by

Matter of John Riley.

him on his enlistment. (*Case of George Reilly, before Judge* DALY, *New York Common Pleas, March,* 1867 ; *cases of Michael J. Conly & John Jump, before Judge* BETTS, *in this court, January,* 1867).

There is no foundation for the suggestion that the oath taken by a minor recruit, though it may be conclusive as to the recruit himself, is not conclusive as to his parent; the idea on which that claim is made, is that the minor owes service to his parent and cannot lawfully contract against or without the consent of his parent to render his services to another. But such duty of the minor to his parent is subordinate to the paramount right of the government to demand his military services. The constitution of the United States has conferred specifically upon the congress of the United States the power to raise armies. It is a necessary incident of such power, that congress has authority to declare who may be enlisted as soldiers, and what age shall be considered an age of consent to such enlistment. Congress may prescribe a standard of height, age, birthplace and other qualifications. It may, in the case of a minor, require the consent of his parents to his enlistment, or it may omit to require such consent. It may fix the age of sixteen, or the age of eighteen, or any other age, either above or below twenty-one, as the age of enlistment. When the age is fixed it may declare what shall be considered conclusive evidence of such age, just as it may declare what shall be considered conclusive evidence of the consent of the recruit to his enlistment. The provision of law that " the oath of enlistment taken by the recruit shall be conclusive as to his age," means that where the recruit on his enlistment takes an oath which shows that he is of the age at which the law authorizes an enlistment, such oath shall be conclusive evidence as against himself, his parents, the United States, the officer who enlisted him, and all the world, that he is of such age, and the enlistment is binding and valid so far as the question of the age of the recruit is concerned.

Matter of Jonn Riley.

In the present case, the recruit having sworn on his enlistment that he was nineteen years of age, the only questions for consideration are whether the enlistment of a recruit of that age is authorized by the laws of the United States, and if it is, whether the consent of his parents to his enlistment is necessary.    The determination of these questions requires an examination of the legislation of the United States on this subject.

The act of March 16, 1802, (2 *U. S. Stat. at Large*, 132,) entitled, an act fixing the military peace establishment of the United States, provided in section 11 for enlistment of persons between the ages of eighteen and thirty-five years, and declared "that no person under the age of twenty-one shall be enlisted by any officer, or held in the service of the United States, without the consent of his parent or guardian or master first had and obtained, if any he have."

Acts declared to be "in addition" to the act of March 16, 1802, were passed on the 28th of February, 1803, (2 *U. S. Stat. at Large*, 206,) and the 26th of March, 1804.    (*Id.*, 290).    These acts merely provided for additions to the military force.

On the 12th of April, 1808, an act was passed, entitled, an act to raise, for a limited time, an additional military force.    (*Id.*, 481).    This act provided that in addition to the then existing military establishments of the United States, there should be raised certain regiments of soldiers. Section 5 of that act declares that the provisions of the act of March 16, 1802, relative to the age of recruits, should be in force, and applied to all persons, matter and things within the intent and meaning of such act of 1808, in the same manner as if they were inserted at large in the same.

On the 24th of December, 1811, an act entitled, "an act for completing the existing military establishment," was passed.    (*Id.*, 669).    This act enacted that the military

establishment as then authorized by law, that is by the act above referred to, should be immediately completed.

On the 11th of January, 1812, an act was passed entitled an act to raise an additional military force. (*Id.*, 671). This act provided for raising thirteen regiments of soldiers. The 11th section of this act declared " that no person under the age of twenty-one years shall be enlisted by any officer, or held in the service of the United States, without the consent in writing of his parent, guardian or master first had and obtained, if any he have." This provision of the act of 1812 was substantially the same as that of the acts of 1802 and 1808, with the addition that the consent of the parent guardian or master of the minor was required to be in writing.

An act supplementary to the act of April 12, 1808, was passed on the 24th of February, 1812. (*Id.*, 685). An act supplementary to the act of January 11, 1812, was passed on the 17th of March, 1812. (*Id.*, 695). An act in addition to the act of January 11, 1812, was passed on the 8th of April, 1812. (*Id.*, 704). These three acts contain no provisions bearing on the question under consideration, and are only cited as showing that the acts to which they were supplementary and additional were still in force.

On the 26th of June, 1812, an act was passed entitled an act for the more perfect organization of the army of the United States. (*Id.*, 764). This act declared of how many regiments of infantry the army should consist, and of what a regiment of infantry should consist, and of what a troop of cavalry should consist. It also recognized the acts of April 12, 1808, and January 11, 1812, as in full force. It also declared (*Section 5*) that the military establishments authorized by law previous to the 12th of April, 1808, and the additional military force raised by virtue of that act should be incorporated.

On the 20th of January, 1813, an act was passed supplementary to the act of June 26, 1812. (*Id.*, 791). This act

Matter of John Riley.

provided for an advance of pay to the recruits in order to complete the present military establishment to the full number authorized by law with the greatest possible dispatch. It also enacted (*Section* 5,) that the recruiting officer should be entitled to receive for every effective able-bodied man who should be duly enlisted after February 1, 1813, for five years or during the war, and mustered and between the ages of eighteen and forty-five years, the sum of $4, and that no person under the age of twenty-one years shall be enlisted by any officer or held in the service of the United States, without the consent in writing of his parent, guardian or master first had and obtained, if any he have. The language of this restriction was the same as that of the act of January 11, 1812.

On the 29th of January, 1813, an act was passed additional to the act of January, 11, 1812. (*Id.*, 794). This act provided that in addition to the then existing military establishment of the United States, there should be raised certain additional regiments of infantry to be enlisted for one year. It also enacted (*Section* 7) that the recruiting officer employed in recruiting the force, authorized by the act should be entitled to receive for every person enlisted by them into the service, for the term specified and approved by the commanding officer of the regiment and between the years of eighteen and forty-five, the sum of $2. The same section contained a provision in regard to consent in the case of persons under the age of twenty-one years, in the same words as the provisions in the acts of January 11 1812, and January 20, 1813.

On the 5th of July, 1813, an act was passed amendatory of the act of January 29, 1813, (3 *Id.*, 3). It provided that five of the regiments authorized to be raised by act of January 29, 1813, might be enlisted for the war.

An act passed January 28, 1814, (*Id.*, 96,) authorized the enlistment for five years or during the war of the regiments then authorized by law to be enlisted for one year, and the

15th section of the act of March 30, 1814, (*Id.*, 113,) enacted that the five regiments referred to in the act of July 5, 1813, might be enlisted at the option of the recruit for five years, or for and during the war.

Such was the condition of the law on the 10th of December, 1814. Enlistments of soldiers between the ages of eighteen and forty-five years were authorized, but if the recruit was under the age of twenty-one years the previous consent in writing of his parent, guardian, or master, if he had one, was necessary to the validity of the enlistment.

On the 13th of December, 1814, an act was passed entitled " an act making further provisions for filling the ranks of the army of the United States." (*Id.*, 146). The first section provides that from and after the passing of this act, each and every commissioned officer who shall be employed in the recruiting service, shall be, and he is hereby authorized to enlist into the army of the United States any free, effective, able-bodied man, between the ages of eighteen and fifty years, which enlistment shall be absolute and binding upon all persons under the age of twenty-one years as well as upon persons of full age, such recruiting officer having complied with all the requisitions of the laws regulating the recruiting service. The second section provides that it shall not be lawful for any recruiting officer to pay or deliver to a recruit under the age of twenty-one years, to be enlisted by virtue of this act, any bounty or clothing, or in any manner restrain him of his liberty, until after the expiration of four days from the time of his enlistment; and it shall be lawful for the said recruit, at any time during the said four days, to reconsider and withdraw his enlistment, and thereupon he shall forthwith be discharged and exonerated from the same. The third section repeals so much of the fifth section of the act of January 20, 1813, as required the consent in writing of the parent, guardian or master to authorize the enlistment of persons

Matter of Jonn Riley.

under the age of twenty-one years, and contains a promise that in case of the enlistment of an apprentice held to service at the time for any term between two and three years, his master shall be entitled to one-half of his bounty money; and if held to serve between one and two years, to one third; and if held to serve to one year or less, to one-fourth.

The effect of these provisions of the act of December 10, 1814, was to authorize the enlistment of soldiers between the ages of eighteen and fifty years, and to make the enlistment of persons under the age of twenty-one years, without the consent of their parents, guardian or master, as binding upon the recruits and their parents, guardians or masters, and the United States and all the world, as if the recruits were persons of full age. It is true that no previous provision requiring the consent of the parent, guardian or master to authorize the enlistment was expressly repealed except the provision to that effect in the act of January 20, 1813. The provisions to that effect in the act of March 16, 1302, April 12, 1808, January 11, 1812, and January 29, 1813, were not expressly repealed, but they were entirely inconsistent with the provisions of the act of December 10, 1814.

The intention of congress, as clearly expressed in the act of 1814, was to authorize the enlistment of minors over the age of eighteen years, without the consent of their parents, guardians or masters. The provisions of the act of 1814, being thus entirely inconsistent with those of the act of January 20, 1813, the effect would have been to repeal and suspend the provisions of the act of January 20, in regard to consent, even if there had been no express repeal of those provisions, and the act of 1814 has equally the effect of repealing and superseding the provisions of the acts of 1802, 1808, 1812, and January 29, 1313. The first section of this act of 1814 is still in force, and under it enlistments of minors over the age of eighteen years, without the consent

of their parents, guardians or masters are valid. On the 28th of September, 1850, an act was passed entitled an act making appropriations for the support of the army for the year ending the 13th of June, 1851," (9, *Id.*, 504,) the fifth section of which provides that it should be the duty of the secretary of war, to order the discharge of any soldier of the army of the United States, who, at the time of his enlistment, was under the age of twenty-one years, upon evidence being produced to him that such enlistment was without the consent of his parent or guardian. This fifth section of the act of 1850, while it was in force still left the enlistment of a minor over the age of eighteen without the consent of his parent, guardian or master valid as authorized by the act of 1814, and conferred no authority upon any court to discharge such minor from service on the ground that he had enlisted without such consent, and that therefore such enlistment was invalid, but merely imposed on the secretary of war, the duty of discharging a soldier who was a minor at the time of his enlistment, upon evidence that he enlisted without the consent of his parent or guardian. But this provision of the fifth section of the act of 1850, was expressly repealed by the second section of the act of February 13, 1862, (12 *Id.*, 339,) which provides that the fifth section of the act of September 28, 1850, provides for the discharge from the service of minors, enlisted without the consent of their parents or guardians, be and the same hereby is repealed; provided that no person under the age of eighteen shall be mustered into the service of the United States, and the oath of enlistment taken by the recruit shall be conclusive as to his age.

This language of the act of 1862 shows that it was the understanding of congress that minors over the age of eighteen could be lawfully enlisted and mustered as soldiers into the United States service without the consent of their parents or guardians, and that they were not to be discharged from service for want of such consent. The repeal

Matter of John Riley.

of this provision of the act of 1850, left the first section of the act of December 10, 1814, with its effect and operation as before explained, still in force, and deprived the minor recruit who had enlisted without the consent of his parent or guardian, and also such parent or guardian, of all means of obtaining a discharge on the ground of such want of consent.

On the 24th of February, 1864, an act was passed, the 20th section of which (13 *Id.*, 10,) provides that the secretary of war may order the discharge of all persons in the military service who are under the age of eighteen years at the time of the application for their discharge, when it shall appear upon due proof that such persons are in the service without the consent, either expressed or implied, of their parents or guardians; provided, that such persons, their parents or guardians shall first repay to the government and to the state and local autorities all bounties and advance pay which may have been paid to them, anything in the act to which this is an amendment to the contrary notwithstanding.

On the 4th of July, 1864, an act was passed, the fifth section of which (*Id.*, 380,) provides that the twentieth section of the act of February 24, 1864, shall be construed to mean that the secretary of war shall discharge minors under the age of eghteen years, under the circumstances and on the conditions prescribed in said section; and hereafter if any officer of the United States shall enlist or muster into the military service any person under the age of sixteen years, with or without the consent of his parent or guardian, such person so enlisted or recruited shall be immediately discharged upon repayment of all bounties received. These provisions of the two acts of 1864, leave the provisions of the first section of the act of December 10, 1814, and of the second section of the act of February 13, 1862, in full force.

Enlistments of minors over the age of eighteen years,

without the consent of their parents or guardians or masters, are valid, and the oath of enlistment taken by the recruit is conclusive as to the age, but it is not lawful to muster into service a person under the age of eghteen years.

Certain powers of discharge are granted to the secretary of war which he is required to exercise in the cases specified. The sum of these provisions for discharge is as follows: 1. A minor who is under the age of eighteen years at the time he applies for his discharge to the secretary of war is to be discharged by that officer when it appears upon due proof that such minor is in the service without the consent, either expressed or implied, of his parent or guardian, provided all bounties or advance pay which may have been paid to him are first repaid. 2. A person who was under the age of sixteen years when he was enlisted or mustered into service, is to be discharged by the secretary of war, whether he was enlisted or mustered with or without the consent of his parent or guardian, provided all bounties received by him are first repaid, and provided he is under the age of eighteen years at the time he applies for his discharge, and is in the service without the consent either expressed or implied of his parent or guardian. The whole power of discharge is given to the secretary of war in regard to minors, whatever their ages, when they enlisted or when they apply for discharge; and although it is not lawful to muster into service a person under the age of eighteen years, yet congress has, by the acts of 1864, confided wholly to the secretary of war, the power and duty of discharging from service a person who was under the age of eghteen years when he was mustered into service, and of ascertaining and deciding: 1. Whether the person is a minor under the age of eighteen years at the time he applies for his discharge. 2. Whether, if he is such minor, he is in the service without the consent, either expressed or implied, of his parent or guardian. 3. Whether such person was under the age of sixteen years when he was enlisted or mustered into service.

Matter of John Riley.

4. Whether all bounties and advance pay paid to such persons have been repaid. The entire cognizance of these matters is given by law to the secretary of war, and is necessarily taken from the courts.

The courts cannot administer the restitution of the bounties and pay, and it is manifestly the intention of congress that the secretary of war, shall be exclusively charged with the question of discharging minors who are under the age of eighteen years, when they apply for their discharge.

As to the cases provided for by the acts of 1864, and so far as the jurisdiction of the secretary of war extends under those acts, the provision of the second section of the act of February 13, 1862, that the oath of enlistment taken by the recruit shall be conclusive as to his age, is necessarily suspended, and the secretary is authorized and required to receive other due proof as to the age of the recruit, both at the time of his enlistment and at the time he applies for his discharge. The conclusions I have arrived at, as above expressed, are not only reached upon principle, but they are sustained by authority.

In the cases of *Conley* and *Jump*, before Judge BETTS in this court, January, 1867, it was decided that the two acts of 1864, transferred wholly from the cognizance of the judiciary to the department of war, the exclusive charge of the status of minor recruits in the army. A like decision was made by the same judge in the case of *Thomas Conroy*, April, 1867.

In the case of *George Reilly*, before Judge DALY, a jurist of great experience and sound and discriminating judgment, it was held March, 1867, that the result of the legislation of congress is, that minors over the age of eighteen years may be enlisted without the consent of their parents or guardians. In the case of *John O'Connor*, before the general term of the supreme court of New York, for the first district, February, 1867, it was held that as congress had, by the acts of 1864, provided for a mode of discharge by the secretary

of war, and prescribed the terms and conditions on which a discharge can be granted, such provisions may be construed as forbidding other modes of obtaining a discharge in a case of improper enlistment.

There is one view to be deduced from the language of the acts of 1864, which has not yet been alluded to, and which has great force in regard to the present case. It is that congress clearly evinces, by those acts, its understanding that the enlistment of a minor over the age of eighteen years is valid, and that the consent of his parent or guardian is not necessary to the validity of the enlistment. Congress does not make by those acts any provison for the discharge of a minor who was over the age of eighteen years when he enlisted, or who was under that age when he enlisted, but is over it when he applies for his discharge, but provides soley for the discharge of a minor who is under that age when he applies for his discharge.

The remedy is applied to the mischief. There is no unlawfulness in the enlistment of a minor over the age of eighteen years, even though his parent or guardian does not consent. But a minor under the age of eighteen years must not; and if he applies to the secretary of war for his discharge before he arrives at the age of eighteen years, and shows that he is in the service without the consent of his parent or guardian, he is to be discharged, on first repaying his bounties and advance pay. The minor in the present case was nineteen years of age when he enlisted, as appears by his own oath taken on his enlistment. His enlistment was therefore valid, and did not require the consent of his father to make it valid, and he must be remanded to service under his proper officer.